MESCH, CLARK, & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, AZ 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
By:    Douglas H. Clark, Jr. SBN #01942
        dclark@mcrazlaw.com
        Thom K. Cope, SBN #25178
        tcope@mcrazlaw.com
        37003-1/gmg

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben F. Fuentes, a married man,<br><br>          Plaintiff,<br><br>vs.<br><br>County of Santa Cruz, and David Hathaway, in his official capacity as Sheriff of Santa Cruz County and in his individual capacity,<br><br>          Defendants. | CASE NO. _____<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)**<br><br>(42 U.S.C. §1983 Procedural Due Process Claim; Intentional Interference With a Contract Business Relationship or Business Expectancy; Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing) |

For his complaint against Defendants COUNTY OF SANTA CRUZ, and DAVID HATHAWAY, in his official capacity as Sheriff of Santa Cruz County and in his individual capacity (collectively "the Defendants" or "the Individual Defendants"), Plaintiff RUBEN F. FUENTES ("Plaintiff," or "Fuentes") alleges as follows.

## PARTIES, JURISDICTION AND VENUE

1. Ruben Fuentes is a resident of Santa Cruz County, Arizona and is a former contracted, protected and classified employee of Santa Cruz County.

2. All acts and/or omissions of Defendants alleged in this complaint occurred in the County of Santa Cruz, Arizona.

3. This Court has subject matter jurisdiction over the claims set forth in this Complaint and venue is proper.

4. At all material times, Defendant Hathaway was serving as the duly elected Sheriff of the County of Santa Cruz and was a resident thereof and acted in his official and individual capacities.

5. A Notice of Claim was timely filed and is attached to this Complaint as Exhibit A and incorporated herein by reference.

## GENERAL ALLEGATIONS

6. Plaintiff began his employment with the County on August 8, 1990. In 2007 he was promoted to Captain from the position of lieutenant, which position he held at the time his employment thereof was terminated officially January 8, 2021..

7. When Plaintiff was promoted to Captain, he remained a "classified" employee pursuant to County policies 1.03, 1.04A, 104B, and 105, et seq..

8. As a "classified" employee, Plaintiff had a property interest in his continued employment, which gives him a right to notice of termination, a due process hearing prior to termination, and a meaningful opportunity to be heard before termination of employment.

9. The Defendants did not allow Plaintiff his Constitutional due process rights and terminated his employment illegally without any cause on January 8, 2021, under the pretext that he was an "employee at will" and not subject to the Classified rules. After said termination, Defendant Hathaway wrote the Plaintiff a "glowing" letter of recommendation, clearly showing the County has no cause to terminate his employment. (see Exhibit B)

10. The Individual Defendant as a reasonable public officials should have reasonably known that he did not have the power pursuant to the County policies to terminate Plaintiff and thus acted outside the scope of his official duties and he, therefore deprived Plaintiff of his constitutional rights to due process without good cause, because Plaintiff was a classified employee.

11. The Individual Defendant knew or should have known of Plaintiff's clearly established constitutional rights to due process procedure prior to the termination of Plaintiff's employment and they could not terminate him without good cause.

12. The County by and through it's County officials, failed to provide adequate training and instruction to Defendant Hathaway on the classified employee system, policies and procedures with regard to Plaintiff's position as a Captain in the Sheriff's Department and with regard to the termination of employment of a classified employee without giving him due process and showing good cause for said termination.

13. The County, by and through its Board of Supervisors and elected official officially adopted a decision or custom that violated Plaintiff's clearly established constitutional due process rights.

14. Classified Rules 1.03, 1.04A. 1.04B and 1.05 et. seq. of the County policies and procedures as stated in the personnel manual clearly provides a termination procedure that was not followed by the Defendant in his individual and official capacities in terminating Plaintiff's employment with the County. Further, the termination was contrary to the rules prohibiting termination without just cause.

15. Under Arizona law, every employment arrangement is contractual in nature. Further, the County Personnel Rules create a contract between Plaintiff and the County. Therefore the Plaintiff had more than a mere expectancy of continued employment. The policies and procedures created a property interest in his employment.

16. By his actions Defendant in his official and individual capacities, acting outside the scope of his employment, breached the employment contract between the County of Santa Cruz and the Plaintiff.

## COUNT I
### Violation of Due Process

17. Plaintiff incorporates each of the preceding paragraphs as if fully stated herein.

18. Plaintiff's employment was terminated by the Defendants, in his official and individual capacities, acting under the pretext of claiming he was an at will employee. Said termination was not rescinded by the County Board of Supervisors, thus ratifying and approving said conduct.

19. Plaintiff was terminated illegally during an officially called meeting of employees by Defendant Hathaway. He was then acting outside of the scope of his employment as the newly elected Sheriff, as he had not been sworn in at the time he terminated the plaintiff. Yet he represented to the assembled employees and to the Plaintiff that his decision represented official policy and that he had final policymaking authority in the particular issues involved.

20. Plaintiff was denied an opportunity to be heard at any time and was not afforded a pre-termination meeting or hearing and was terminated without good cause.

21. Defendant in his individual and official capacities acted under color of state law and deprived Plaintiff of a right secured by the Constitution of the United States.

22. Plaintiff is entitled to damages to be determined at trial and his reasonable attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II
### Intentional Interference with Contract, Business Relationship and Business Expectancy

23. Plaintiff incorporates each of the preceding paragraphs as if fully stated herein.

24. With knowledge of Plaintiff's employment contract, business expectancy and

4

business relationship, Defendant, in his individual capacity, intentionally, willfully, and maliciously interfered with Plaintiff's employment relationship with the County of Santa Cruz by wrongfully terminating him without due process or good cause in direct violation of the County's policies and Personnel Rules.

25. As a direct and proximate cause of Defendant's wrongful interference with Plaintiff's employment relationship and business expectancy, Plaintiff suffered injuries, including loss of employment, benefits, salary, and injury to his reputation and character.

## COUNT III
## Breach of Contract

26. Plaintiff incorporates each of the preceding paragraphs as if fully stated herein.

27. In terminating Plaintiff's employment without the benefit of a meaningful pre-termination hearing as required and without just cause, Defendant, individually, breached the contract between the County and Plaintiff.

28. As a direct and proximate result of Defendants' actions, Plaintiff suffered economic loss and emotional distress damages and is also entitled to attorney fees and costs pursuant to A.R.S. § 12-341.01 *et seq.*

## COUNT IV
## Breach of Covenant of Good Faith and Fair Dealing

29. Plaintiff incorporates each of the preceding paragraphs as if fully stated herein.

30. In every contractual agreement, Arizona law recognizes a covenant of good faith and fair dealing between the contracting parties.

31. By their actions, the County and the Defendant breached said covenant.

32. Said breach caused Plaintiff's emotional and economic damages and Plaintiff was harmed as a result thereof.

33. Additionally, Plaintiff is entitled to attorney fees and costs pursuant to A.R.S. § 12-341.01 *et seq.*

WHEREFORE, Plaintiff requests judgment in his favor and against Defendants pursuant to jury trial as follows:

1. Compensatory damages for lost pay, front pay, loss of reputation, emotional and mental harm as determined to be just and reasonable at jury trial;

2. Punitive damages as appropriate and reasonable under the law as determined at jury trial.

3. Costs and reasonable attorney fees incurred herein to be determined at trial; and

4. For such other and further relief as the Court deems just and proper.

DATED: May 24, 2021                MESCH, CLARK & ROTHSCHILD, P.C.


By: _/s/ Thom K. Cope_
       Douglas H. Clark, Jr.
       Thom K. Cope

28C3483.DOCX